Scott L. Walker
Counsel
Tel  973 597 2368
Fax  973 597 2369
swalker@lowenstein.com

October 13, 2008

**VIA ECF**

The Honorable Peter G. Sheridan, U.S.D.J.
United States District Court, District of New Jersey
King Federal Building & United States Courthouse
50 Walnut Street, Room 4040
Newark, New Jersey 07101

*So Ordered*
*Peter G. Sheridan*
*10/15/08*

**Re:   Argueta, et al. v. U.S. Immigration and Customs Enforcement, et al.
Civil Action No. 2:08-cv-1652 (PGS)(ES)**

Dear Judge Sheridan:

As you know, this firm represents plaintiffs in the above-captioned matter. We write to seek leave to file, on or before October 20, 2008, a sur-reply of seven (7) pages (in a 14 point proportional font) in response to new arguments raised in the overlength reply brief ("Reply") filed on October 6th by individual defendants Myers, Torres, Rodriguez and Weber ("defendants"). Defendants filed the Reply in further support of their motion to dismiss, and the Court will hear oral argument on that motion on October 30, 2008.

Your Honor may recall that the Court recently granted defendants their second request for additional pages for their Reply, allowing them to file a brief of 25 pages. As noted in defendants' October 1, 2008 letter to the Court seeking those additional pages, plaintiffs consented to defendants' request so long as defendants consented to plaintiffs seeking leave to file a sur-reply if plaintiffs determined—in good faith and after reviewing the Reply—that a sur-reply was necessary to address new arguments raised in the Reply. Defendants refused to consent to plaintiffs' proposal at that time and, for the reasons set forth more fully below, are refusing now to consent to plaintiffs' request for leave to file a sur-reply.

Defendants have now submitted a total of 65 pages of briefing in support of their motion to dismiss (having previously submitted a moving brief of 40 pages). This is in contrast to plaintiffs' 34-page opposition brief (which, when adjusted to the 14-point font used by defendants, translates to 39 pages). Plaintiffs respectfully submit that it is eminently reasonable and fair that they have the opportunity to submit a short response to three new arguments raised by defendants, especially given the gross imbalance in the length of the parties' briefs. Moreover, allowing plaintiffs to submit the proposed sur-reply by October 20th gives the Court and the parties ten days to prepare for the October 30th oral argument.

Plaintiffs request an opportunity to address the following new arguments that defendants advance in their Reply, each of which is central to the disposition of the motion to dismiss:

> 1) *"Qualified Immunity"*: Defendants for the first time (i) contend that the alleged conduct of Ms. Myers and Messrs. Torres, Rodriguez and Weber does not violate a clearly established constitutional right (in contrast to their earlier assertion that those individuals merely were not directly involved in the alleged misconduct), and (ii) suggest that the question of whether a supervisory official had sufficient personal involvement in unconstitutional conduct to impose supervisory liability is, as a factual matter, coextensive with the legal question of whether a clearly established constitutional right was violated. As plaintiffs wish to explain further in a sur-reply, under established Third Circuit law, determining supervisory liability is a distinct inquiry that does not implicate questions of qualified immunity;
>
> 2) *Constitutional Claims under the INA*: In their Reply, defendants contend, for the first time, that even if the INA does not provide a forum for plaintiffs' damages claims, the INA nevertheless provides plaintiffs with an "opportunity to obtain judicial review of their constitutional claims" through a petition for review. (Reply at 10-11) This gross mischaracterization of the scope of judicial review that is available under the INA (which in fact only allows review of the constitutionality of removal) merits a written response; and
>
> 3) *Presumption of Judicial Review of Habeas Claims Only*: Defendants also raise for the first time in their Reply the idea that there is a presumption of judicial review for *habeas corpus* claims that does not apply to other constitutional claims, an assertion that goes to the heart of the court's role in such cases and likewise merits a response.

Although the Reply contains other new arguments and mischaracterizations of plaintiffs' positions, we respectfully request an opportunity to address only these three points, without waiving our entitlement to fully respond to those other new arguments and mischaracterizations during oral argument.

Defendants' do not consent to plaintiffs' request for leave file a sur-reply. Defendants indicated to the undersigned that they cannot consent because: 1) the proposed filing date gives plaintiffs at least two weeks to respond to the Reply, which would result in the parties having significantly less time to prepare for oral argument than the three-plus weeks anticipated by the original schedule; and 2) according to defendants, a sur-reply in this instance is not warranted because defendants' Reply only responded to the arguments raised in plaintiffs' opposition (or otherwise explained a position in defendants' moving brief); specifically, defendants argue: (i) that the arguments regarding qualified immunity in the Reply are no different than those raised in defendants' opening brief because defendants only distinguished the key case plaintiffs relied on and pointed out the flaws in plaintiffs' arguments; (ii) that their argument that the INA provides a forum in which to raise constitutional issues was made in direct response to plaintiffs' argument that the INA "makes no provision to remedy Fourth and Fifth Amendment violations by ICE agents." (citing plaintiffs' opposition brief at 2); and (iii) that defendants' discussion of the presumption of judicial review in *habeas* claims simply distinguishes the cases plaintiffs rely on in their opposition.

Plaintiffs obviously disagree with defendants' arguments regarding the propriety of a sur-reply, but have included them in this letter at the request of defendants' counsel.

Thank you for considering this request.

Respectfully submitted,

Scott L. Walker

cc:   Sarah E. Whitman, Esq. (via ECF & e-mail)
      R. Scott Thompson, Esq.
      Bassina Farbenblum, Esq.
      Baher Azmy, Esq.